**Joe GREEN, Appellant,**

v.

**J. W. REYNOLDS LUMBER COMPANY, et al., Appellees.**

**No. 7120.**

Court of Civil Appeals of Texas.

Texarkana.

March 10, 1959.

C. V. Flanary, Jr., Paris, for appellant.

Wear & Wells, Paris, for appellees.

DAVIS, Justice.

Plaintiff-appellee J. W. Reynolds Lumber Company, a partnership, sued defendant Weldon L. Wines and defendant-appellant Joe Green on a sworn account for a load of lumber for $1,177.26, plus interest, costs and attorneys' fees. Both defendants filed separate answers and verified denials of the account sued upon. The suit was filed August 6, 1953, and was finally tried March 31, 1958. Judgment was signed and entered June 6, 1956. The case was tried to a jury and in response to answers to special issues a joint and several judgment was entered in favor of appellee, from which judgment defendant-appellant Joe Green has appealed and brings forward six points of error.

By his Points 1 and 2 , he complains of the action of the trial court in refusing to instruct a verdict in his favor and in overruling his motion for judgment non obstante veredicto. By Point 3, he complains of the court's action in overruling his objections to the court's charge. By Point 4, he complains of the action of the trial court in refusing to submit his specially requested Issues 1, 2, 3 and 4. By Point 5, he complains of the action of the trial court in overruling his objections to the court's charge as a whole. There is actually no dispute as to the facts in this case as between appellant and appellee. There was no necessity of submitting any issues as between them. Defendant W. L. Wines failed to appear, and it was probably necessary that a jury trial be had as between Wines and appellee.

This is a case where Weldon L. Wines loaned his credit to appellee for the benefit of both himself and appellant. The load of lumber sued for was received by Wines and appellant. The exact amount received by each is not shown. No cross-actions were filed and the differences between Wines and Green are not before the court. After the suit was filed, appellant signed an affidavit stating that he and Wines owed appellee for the lumber. Appellant's first five points being without merit, they are overruled.

By Point 6, appellant complains of the action of the trial court in overruling his first motion for new trial. This was based upon an allegation that the differences between Wines and appellee had been compromised and settled. In support of this allegation, he called the attorney who had represented Wines up until the trial of the case on its merits as a witness for appellant who testified that no such agreement or settlement had been made. A partner of J. W. Reynolds Lumber Company also testified that no such settlement had been made. The point is without merit and is respectfully overruled.

The judgment of the trial court is affirmed.